[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16113
Non-Argument Calendar
_____

D.C. Docket No. 2:00-cr-00073-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

REGINALD LENARD BLUE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 4, 2012)

Before MARCUS, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

After finding that Reginald Blue had violated the terms of his supervised

release, the district court sentenced him to 36 months of imprisonment, followed by 24 months of supervised release. On appeal, Mr. Blue challenges his sentence, arguing that the district court incorrectly characterized his violations as Grade B violations under the Sentencing Guidelines, and that the sentence was substantively unreasonable. After review of the record and the parties' briefs, we affirm.

First, the district court correctly concluded that one of the violations was a Grade B violation and that Mr. Blue had an advisory range of 21-27 months' imprisonment under Chapter 7 of the Sentencing Guidelines. *See* D.E. 210 at 115. One of Mr. Blue's violations was the filing of a false monthly report with the probation office, and because such a violation "fit[s] within the conduct covered by [18 U.S.C.] § 1001, and that statute provides a term of imprisonment of up to five years, the district court did not err in concluding that the false statements [in the monthly report] constituted [a] Grade B violation under the Guidelines." *United States v. Grimes*, 54 F.3d 489, 492 (8th Cir. 1995). *See* U.S.S.G. § 7B1.1(a)(2) ("conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year" is a Grade B violation).

Second, reviewing under the deferential abuse of discretion standard, *see Gall v. United States*, 552 U.S. 38, 41 (2007), we cannot say that the 36-month sentence was substantively unreasonable. The Sentencing guidelines provide that an upward

2

departure from the Chapter 7 advisory range may be appropriate where "the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) . . . that resulted in a sentence below the guideline range applicable to the defendant's conduct [.]." U.S.S.G. § 7B1.4, comment. n.4. The district court, while discussing the relevant sentencing factors, specifically relied on this rationale, noting that Mr. Blue had received a downward departure from 360 months to 120 months at his original sentencing due to his cooperation. *See* D.E. 210 at 123 ("*I find that this variance upward is warranted because of the substantial departure that you received for your original sentence*. I also find that the sentence is a reasonable one based upon the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct; to protect from any further crimes of you, Mr. Blue, and to provide you with the need[ed] . . . care or . . . treatment [.].") (emphasis added).

Mr. Blue's 36-month sentence is affirmed.

**AFFIRMED.**